UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOVAN MILLER, )<br>)<br>      Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>      Respondent. ) | No. 4:05-CV-614 (CEJ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Jovan Miller to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. The United States has filed a response in opposition to the motion.

**I. Background**

On April 5, 2004, Miller pled guilty to possessing with intent to distribute 6.05 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Several days prior to his guilty plea, Miller and the United States executed a "Plea Agreement, Guidelines Recommendation and Stipulation of Fact" which contained the terms of the parties' plea agreement and set forth the facts underlying the offense. During the change of plea hearing, Miller stated under oath that he possessed the cocaine base with intent to distribute it and that he agreed with the stipulated facts. He also stated that, aside from the plea agreement, no promises had been made to him to persuade him to plead guilty, and that no one had tried to force him to plead guilty. Miller further stated that he was pleading guilty voluntarily. Plea Hrg. Tr. p. 9.

On June 25, 2004, the Court sentenced Miller to a 60-month term of imprisonment, which was the minimum term mandated by statute. See 21 U.S.C. § 841(b)(1)(B). The Court erroneously stated that Miller had

waived his right to appeal. Nevertheless, the Court informed Miller of his right to file a notice of appeal, the time limit for doing so, and his right to appointment of counsel on appeal. The Court also gave Miller instructions on how to file a notice of appeal without an attorney. No notice of appeal was filed.

In his motion to vacate, Miller claims that he was denied effective assistance of counsel. In support of this claim, Miller alleges that his attorney failed to carry out his request that she file a notice of appeal of the judgment. In a reply to the government's response to the motion, Miller expresses his dissatisfaction with his attorney's performance in the pretrial motions proceedings and he appears to assert a claim that his attorney coerced him into pleading guilty.

To prevail on a claim of ineffective assistance of counsel, a movant must show (1) that his attorney's performance fell below an objective standard of reasonableness and (2) that movant was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). The movant must show that his attorney's errors were so serious that they deprived him of his Sixth Amendment right to counsel and denied him the right to a fair trial. Id. In the context of a guilty plea, the movant must demonstrate that but for counsel's errors, he would not have pleaded guilty, but instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Miller's first allegation is that he his attorney did not follow his instruction to file a notice of appeal. The government has submitted the affidavit of Miller's attorney in which she directly contradicts this allegation. Miller has produced no letter or other document containing his alleged instruction to file a notice of appeal. More significantly,

2

however, Miller has not identified a single issue that he would have raised in an appeal nor does he contend that an appeal would have been decided in his favor. Thus, Miller has not shown that he has been prejudiced by the alleged inaction of his attorney.

Contrary to Miller's allegations, the record reveals that his attorney did file a pretrial motion to suppress evidence and statements. After a hearing, a magistrate judge recommended denial of the motion. Thereafter, Miller's attorney filed objections to the recommendation. Additionally, Miller's allegation that he was coerced into pleading guilty is at squarely contradicted by the oral statements he made under oath at the change of plea hearing and his written statements in the plea agreement.

For the reasons set forth above, the Court concludes that Miller's motion should be denied without a hearing. Additionally, the Court concludes that Miller has not made a substantial showing of the denial of a constitutional right. Therefore, no certificate of appealability will be issued. See 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Jovan Miller to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **denied.**

**IT IS FURTHER ORDERED** that all other pending motions are **denied**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of June, 2006.