UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOVAN MILLER, | ) |
| Movant, | ) |
| v. | ) No. 4:05-CV-614 (CEJ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM

This matter is before the Court following remand by the United States Court of Appeals for the Eighth Circuit.

Miller filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was denied, and Miller appealed. In a judgment entered on January 30, 2007, the court of appeals remanded the case and directed the Court to "conduct a hearing on whether appellant Jovan Miller instructed his counsel to file a notice of appeal." Given the limited scope of the remand, this is the sole issue addressed by the Court in this Memorandum.

At the hearing conducted on March 2, 2007, the Court heard testimony from Miller and his former attorney Janis Good. Among other things, Miller testified that he had documents in his prison cell that would substantiate his claim that he instructed Ms. Good to file a notice of appeal, but the Bureau of Prisons would not permit him to bring the documents to the hearing. Consequently, after the hearing the Court entered an order granting Miller until April 9, 2007 to submit the documents. No documents were filed and Miller did not request additional time to submit them.

\* \* \* \* \* \* \* \* \* \*

Miller was sentenced on June 25, 2004. Miller testified that he met with Ms. Good "right after" the sentencing hearing, and told her that he wanted her to file a notice of appeal. *Hearing Transcript*, p. 10 [Doc. #55]. He further testified that Ms. Good "gave [him] the impression that she was going to do it." Id. Miller stated that he subsequently wrote letters to Ms. Good in which he repeated his request that she file a notice of appeal. Id. at pp. 11, 13.

Miller testified that there were "a lot of issues" he wanted to raise on appeal, including police misconduct, lack of jurisdiction, and actual innocence. Id. at p. 16. With respect to the latter, Miller testified that he did not have possession of cocaine base and that he was coerced into pleading guilty by Ms. Good. Miller testified that because he was "under pressure," he lied during the change of plea hearing in response to the Court's inquiry about the voluntariness of his plea and whether he possessed cocaine base with intent to distribute it. Id. at pp. 21-23.

Ms. Good testified that she spoke with Miller by phone "repeatedly" after the sentencing hearing and he did not ask her to file a notice of appeal. Id. at p. 52. According to Ms. Good, Miller's first mention of an appeal occurred in a letter he sent to her in November 2004 (some five months after the sentencing) in which he stated that he was going to pursue an appeal. Id. She acknowledged that Miller voiced complaints about her performance. In response, Ms. Good informed Miller that he could raise those claims in a § 2255 motion and she provided him the forms for doing so. Id. at 53, 57.

\* \* \* \* \* \* \* \* \* \*

The Court is faced with conflicting testimony on the question of whether Miller requested that a notice of appeal be filed, thus raising an issue of credibility. For the following reasons, the Court finds Miller's testimony lacking in credibility.

As noted above, Miller now claims that his guilty plea was coerced, even though he stated under oath at the change of plea hearing that his guilty plea was voluntary.

Miller also now claims that he did not have possession of cocaine base, despite his previous sworn statement to the contrary. It appears that Miller is not reluctant to make false statements under oath, and because of this he cannot be considered a credible witness.

Although he was given ample opportunity to submit documents to support his claim, Miller failed to do so. Given the absence of any documentary evidence and the absence of credible testimony, the Court concludes that Miller has failed to prove that he asked his attorney to file a notice of appeal. Therefore, he is not entitled to relief on this claim in his motion under § 2255. The Court further concludes that Miller has not made a substantial showing of the denial of a constitution right. Therefore, no certificate of appealability will be issued. See 28 U.S.C. § 2253(c).

An order consistent with this Memorandum will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of June, 2011.